IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| Xerox Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 1:21-cv-01807-TMD<br><br>Judge Thompson M. Dietz |

### UNOPPOSED MOTION TO INTERVENE OF PROPOSED DEFENDANT-INTERVENOR TRIDENT E&P, LLC

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims, Trident E&P, LLC ("Trident") respectfully moves to intervene as of right or permissively in the above-captioned protest by Plaintiff Xerox Corporation ("Xerox").[1] Trident counsel hereby represents that Plaintiff and Defendant do not oppose this motion.

### RELEVANT FACTUAL BACKGROUND

Trident is the awardee under Defense Logistics Agency ("DLA") Request for Proposal No. SP7000-19-R-1001 for the Shipboard Multipurpose Device Program ("SMDP"). The Government Accountability Office ("GAO") recently denied Xerox's pre-award protest of DLA's conduct of the SMDP competition. *See* Xerox Corp., B-417498.2, B-417498.3, Aug. 16, 2021. The record before this Court likely will involve Trident proprietary information.

---

[1] Under RCFC 24(c), a motion to intervene must ordinarily "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." However, that requirement is inapplicable in bid protests, where the parties proceed on motions for judgment on the administrative record. *See Progressive Indus., Inc. v. United States*, No. 14-1225C, 2015 WL 1810495, at *6 (Fed. Cl. Apr. 17, 2015) (rejecting argument that separate pleading is required for intervention in bid protest).

## GROUNDS FOR INTERVENTION

Under RCFC 24(a)(2), Trident, as the awardee, may intervene as a matter of right because Trident has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede [Trident's] ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006). Intervention is necessary for Trident to protect its reputation and property interests against claims by Xerox. We understand the Xerox protest challenges the award to Trident. Trident seeks leave to intervene to rebut Xerox's erroneous claims and defend its contract award.

No party to the action is situated to protect Trident's interests. Trident's interests are not adequately represented by the government because the government could present arguments and propose relief that is at odds with Trident's interests.

Alternatively, this Court should exercise it discretion to permit Trident to intervene pursuant to RCFC 24(b) because, as the awardee, Plaintiff's protest implicates Trident's economic interests and Trident has rights related to the action. RCFC 24(b)(1)(B).

Permitting Trident to intervene will not cause delay, and will ensure that the Court has a complete and accurate picture of the facts and circumstances surrounding this protest, including the substantial harm that Trident will suffer if the Court grants the relief sought by Plaintiff.

WHEREFORE, Trident respectfully requests that the Court grant this unopposed motion to intervene.

        Respectfully submitted,

*/s/ Michael E. Barnicle*

Michael E. Barnicle, Attorney of Record
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Tel.: (312) 499-6727
Fax: (312) 896-5652
mebarnicle@duanemorris.com

*Counsel for Trident E&P, LLC*

Of counsel:

Keith J. Feigenbaum
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1183
Fax: (215) 689-4918
kjfeigenbaum@duanemorris.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2021, I caused a true and correct copy of the foregoing Unopposed Motion to Intervene to be served by electronic delivery on:

Jonathan S. Aronie
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Suite 100
Washington, DC 20006
(202) 747-1902
Email: jaronie@sheppardmullin.com
*Counsel for Plaintiff*

Matthew J. Carhart
U.S. Department of Justice - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 307-0313
Email: matthew.carhart@usdoj.gov
*Counsel for Defendant*

/s/ Keith J. Feigenbaum
Keith J. Feigenbaum

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| **Xerox Corporation,**<br><br>          **Plaintiff,**<br>**v.**<br><br>**The United States of America,**<br><br>          **Defendant,**<br><br>**and**<br><br>**Trident E&P, LLC,**<br><br>          **Defendant-Intervenor.** | **Case No. 1:21-cv-01807-TMD**<br><br>**Judge Thompson M. Dietz** |

### [PROPOSED] ORDER

Pursuant to Rule 24 of the Rules of the United Stated Court of Federal Claims, Trident E&P, LLC ("Trident"), has moved to intervene in this bid protest action. The bid protest action challenges the Defense Logistics Agency ("DLA") award to Trident under DLA's Request for Proposal No. SP7000-19-R-1001 for the Shipboard Multipurpose Device Program ("SMDP"). Having considered its Motion, as well as all other relevant materials, including the lack of objection by Plaintiff and Defendant, it is hereby

ORDERED that the Motion is GRANTED;

FURTHER ORDERED that Trident may participate in the above captioned matter as a Defendant-Intervenor.

 

_____
Judge Thompson M. Dietz

Dated: September \_\_, 2021